...

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GRETCHEN ANN CACCIAGUIDI, | ) | |
| | ) | Case No. 1:CV09-563-BLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| BRENT REINKE, OLIVIA CRAVEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case was reassigned to this Court to consider whether dismissal of her Complaint is appropriate. Magistrate Judge Mikel H. Williams previously notified in the Initial Review Order that she could not proceed on multiple lawsuits against the same defendants for the same causes of action, but that she should consolidate all of her causes of action in her other federal complaint filed in Case No. 4:09-CV-343-REB, *Cacciaguidi v. Reinke, et al*. She was also notified that only the United States Attorney General could bring a complaint under 42 U.S.C. § 1997a(c). Plaintiff was also made aware that her case may be dismissed and subjected to a strike under 28 U.S.C. § 1915(g) if she failed to voluntarily dismiss it. Having reviewed the record in this case de novo, and otherwise being advised in the premises, the Court enters the following Order.

**ORDER  1**

## REVIEW OF COMPLAINT FOR DISMISSAL

The Court agrees with Magistrate Judge Williams' assessment of this case. Plaintiff is currently pursuing the same type of claims challenging the prison's Therapeutic Community Program on constitutional grounds against Brent Reinke, Olivia Craven, and others in Case No. 4:09CV-343-REB, *Cacciaguidi v. Reinke, et al.*, and she can amend the Complaint in that action to include all of her claims. Plaintiff has been provided with the assistance of stand-by pro bono counsel in that case.

Plaintiff was informed that she does not have standing to bring her other claims. In response, she filed several motions to amend the Complaint to include other defendants, ignoring the Court's admonition that the provisions of law she cited permit only the United States Attorney General to bring such an action; she now includes miscellaneous unknown federal agency officials as new defendants to support her broad and vague conspiracy theory. For the reasons set forth in Judge Williams' Orders of December 28, 2009, and February 24, 2010, Plaintiff's Complaint in this action will be dismissed.

Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**ORDER  2**

Plaintiff's two lawsuits contain the same claims against the same defendants. To require State defendants to answer, and the federal court to adjudicate, two duplicate lawsuits is a waste of public taxpayer funds and court resources. The Court finds that filing two suits on the same subject matter against the same defendants is abusive and harassing and befitting of the legal definition of "malicious." *See Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997) ("It is malicious per se for a pauper to file successive in forma pauperis suits that duplicate claims made in other pending or previous lawsuits."); *Scott v. Weinberg*, 2007 WL 963990, at *12-13 (D. Wash. 2007) (malicious suits include those that are "attempts to vex, injure, or harass the defendants," that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims," or that can be characterized as "irresponsible or harassing litigation"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim). Therefore, Plaintiff will be issued a strike.

This is Plaintiff's first strike. If Plaintiff receives three strikes, she shall no longer be entitled to file complaints in federal court without first paying the filing fee.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Docket No. 8) is deemed WITHDRAWN by Plaintiff as set forth in the Motion to Take Judicial Notice (Docket No. 14) and is therefore MOOT.

**ORDER  3**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Docket No. 9) is DENIED as MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Compel Discovery (Docket No. 10) is DENIED as MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Take Judicial Notice/Responsive Motion for Supplemental Pleadings (Docket No. 14) is DENIED as MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's case is dismissed.  All of Plaintiff's claims against the same Defendants should be asserted in Case No. 4:09-CV-343-REB, *Cacciaguidi v. Reinke, et al.*

IT IS FURTHER HEREBY ORDERED that Plaintiff Gretchen Cacciaguidi is issued a strike (her first) under 28 U.S.C. § 1915(g) for filing malicious, repetitive claims.

DATED:  **May 24, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  4**